# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RONALD VOTER,** | ) | **CASE NO. 4:12CV3002** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **C.W BARKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on Plaintiff's Motion for Leave to Appeal in Forma Pauperis. (Filing No. 10.) The court dismissed this matter on March 22, 2012. (Filing No. 7.) In its Memorandum and Order dismissing this matter, the court stated that the matter was dismissed because Plaintiff failed to pay the court's filing fee or submit a motion for leave to proceed in forma pauperis. (*Id.*) To clarify, the court dismissed this matter because Plaintiff failed to pay the initial partial filing fee of $10.57 by the deadline of March 12, 2012. The court previously warned Plaintiff that failure to pay the initial partial filing fee by March 12, 2012, would result in dismissal of this matter. (Filing No. 6.) At the time of the dismissal, there was no indication that Plaintiff had submitted any payments to the court.

In his Notice of Appeal, Plaintiff states that he paid the initial partial filing fee on or around March 2, 2012, and that this matter should not have been dismissed. (Filing No. 9 at CM/ECF p. 2.) The court has investigated Plaintiff's statement and finds that Plaintiff did, indeed, submit an initial partial filing fee payment of $11.00 on March 6, 2012, but that the payment was not docketed due to an administrative error. On May 10, 2012, the court updated its records to show that Plaintiff paid the initial partial filing fee. (*See* Docket Sheet.) In light of this administrative error, and on its own Motion, the court re-opens this

matter and now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on January 4, 2012, against one individual, C.W. Barker ("Barker"), who Plaintiff identifies as a "case worker" at Tecumseh State Correctional Institution ("TSCI"). (Filing No. 1 at CM/ECF p. 2.) Plaintiff does not indicate in which capacity Barker is sued. (Id.) Plaintiff is currently incarcerated at TSCI in Tecumseh, Nebraska. (Id.; *see also* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that, on October 19, 2011, Barker entered his cell for a room search outside of Plaintiff's presence. (Id. at CM/ECF p. 4.) During that search, Barker opened a sealed envelope addressed to the "Midwest Innocence Project" and marked "legal mail." (Id. at CM/ECF pp. 4-5.) Plaintiff alleges that the "Midwest Innocence Project" is an agency "assisting people with there [sic] innocence." (Id. at CM/ECF p. 5.) As such, Barker "tampered with [Plaintiff's] outgoing legal mail," an action that "violated [Plaintiff's] constitutional rights." (Id.) Plaintiff seeks injunctive relief in the form of a court order directing Barker to "stop tampering with [Plaintiff's] legal mail," and monetary relief in the amount of $250,000. (Id. at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous

or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); *see also* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See* Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

### III. DISCUSSION OF CLAIMS

#### A. *Sovereign Immunity*

Plaintiff seeks monetary damages against Barker. (Filing No. 1.) However, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g.,* Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995); Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by

the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.,* Dover Elevator Co., 64 F.3d at 444; Nevels v. Hanlon, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

In addition, where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his or her official capacity only. *See, e.g.,* Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999), ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). In addition, a claim against an individual, in his official capacity, is in reality a claim against the entity which employs the official. *See* Parrish v. Luckie, 963 F.2d 201, 203 n.1 (8th Cir. 1992), ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord* Eagle v. Morgan, 88 F.3d 620, 629 n.5 (8th Cir. 1996), ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. Murphy v. State of Ark., 127 F.3d 750, 754 (8th Cir. 1997).

4

Here, Plaintiff does not specify the capacity in which Barker is sued. (Filing No. 1.) The court therefore presumes that Barker is sued in her official capacity only. Barker is an employee of the State of Nebraska. As set forth above, Plaintiff may not sue a state or its employees in their official capacities for monetary relief absent a waiver of immunity by the state or an override of immunity by Congress. There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. As such, Plaintiff's claims for monetary relief must be dismissed.

### B.     *Plaintiff's Legal Mail Claim*

Liberally construed, Plaintiff also seeks injunctive relief for violation of his First Amendment and Sixth Amendment right to send and receive legal mail. "While prisoners have a right to send and receive mail, prison officials have a legitimate interest in monitoring that mail for security reasons." *Ortiz v. Fort Dodge Corr. Facility*, 368 F.3d 1024, 1026 (8th Cir. 2004). However, the duty to maintain security within a prison does not extend to reading an inmate's legal mail. *Thongvanh v. Thalacker*, 17 F.3d 256, 258-59 (8th Cir. 1994), ("Conversely, prison officials have a duty to maintain security within the prison, and this may include reading inmates' incoming and outgoing mail, with the exception of legal mail."). Indeed, it is well-established that "[p]rivileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened for inspections for contraband except in the presence of the prisoner." *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981); *see also Cody v. Weber*, 256 F.3d 764, 767-68 (8th Cir. 2001), (reiterating that "mail from an attorney to an inmate client cannot be opened for inspection outside the inmate's presence"); *Powells v. Minnehaha Cnty. Sheriff Dep't*, 198

F.3d 711, 712 (8th Cir. 1999), (reversing pre-service dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A because inmate's claim that correctional officers "opened his 'legal mail' when he was not present" stated a sufficient constitutional claim).

Here, Plaintiff alleges that Barker opened a sealed envelope outside of his presence that was addressed to "Midwest Innocence Project." (Filing No. 1.) The envelope was clearly marked "legal mail." (*Id.*) Plaintiff alleges that the envelope contained information relating to his "innocence." (*Id.*) Liberally construed, Plaintiff has alleged sufficient facts to "nudge" his First Amendment and Sixth Amendment legal mail rights claim against Barker across the line from conceivable to plausible. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. The Clerk of the court is directed to re-open this matter;

2. Plaintiff's monetary damages claim against Barker in her official capacity only is dismissed without prejudice in accordance with this Memorandum and Order;

3. Plaintiff's First Amendment and Sixth Amendment claims for injunctive relief against Barker in her official capacity only may proceed;

4. To obtain service of process on Barker in her official capacity, Plaintiff must complete and return the summons form which the Clerk of the court will provide. The Clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

5. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of Plaintiff's Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and the Complaint without payment of costs or fees. Service may be by

certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint (Filing No. 1) and Plaintiff does not need to do so;

6. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

7. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

8. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**September 13, 2012**: Check for completion of service of summons;"

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal;** and

10. Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Filing No. 10) is denied as moot.

DATED this 16th day of May, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.