**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **RONALD VOTER,** | ) | **CASE NO. 4:12CV3002** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **C.W. BARKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on Plaintiff's Motion to Amend Complaint and for Temporary Injunction. (Filing No. 14.) Defendant filed an Objection to the Motion. (Filing No. 17.)

In his Motion, Plaintiff clarifies that he seeks monetary damages against Defendant in her individual capacity. (Filing No. 14 at CM/ECF p. 2.) Defendant did not object to this portion of the pending Motion. (Filing No. 17.) The court therefore grants Plaintiff's Motion to Amend. However, in accordance with NECivR 15.1(b), the court will consider Plaintiff's Motion to Amend as supplemental to the original Complaint. That is, Plaintiff does not need to file a separate amended complaint. However, the parties are informed that the claims for injunctive relief are asserted against Defendant in both her official and individual capacities. The claims for monetary relief are asserted against Defendant in her individual capacity only.

Regarding the portion of the pending Motion seeking a temporary injunction in the form of a court order prohibiting Defendant from opening Plaintiff's legal mail under any circumstances, the Motion is denied. The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's Motion. In *Dataphase*, the

court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id.* at 113. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113.

The court finds that the *Dataphase* factors do not favor Plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief. In balancing all of the factors, it is apparent that Plaintiff has not alleged, or submitted any evidence showing, that it is probable he will succeed on the merits of his claims. In addition, this court is mindful of the security risks involved with monitoring mail in penal institutions and need not interfere in that process based on this record. In light of this, and in consideration of all of the factors, the court sees no reason to "intervene to preserve the status quo until the merits are determined . . . ." *Dataphase*, 640 F.2d at 113.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Amend Complaint (Filing No. 14) is granted to the extent that the Complaint is amended to assert claims for injunctive relief and monetary relief against Defendant in her individual capacity. Plaintiff's claims for monetary relief against Defendant in her official capacity remain dismissed; and

2.  Plaintiff's Motion for Temporary Injunction (Filing No. 14) is denied in accordance with this Memorandum and Order. Defendant's Objection (Filing No. 17) is granted.

DATED this 19th day of July, 2012.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.