**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **RONALD VOTER,** | ) | **CASE NO. 4:12CV3002** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **C.W BARKER,** | ) | |
| | ) | |
| Defendant. | ) | |

  This matter is before the court on Plaintiff's letter to the court filed on March 28, 2013, which the court liberally construes as a motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b). (Filing No. 34.)

  The court dismissed Plaintiff's Complaint on March 22, 2013, and entered judgment against him. (Filing No. 32.) Liberally construed, Plaintiff seeks relief from the court's judgment pursuant to Fed. R. Civ. Pro. 60(b)(6). (Filing No. 34.) Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988). However "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). Relief under this rule is "exceedingly rare as relief requires an 'intrusion into the sanctity of a final judgment.'" *In re: Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 868 (8th Cir.2007), (internal quotation marks omitted).

  In Plaintiff's letter, he states that he mailed to the court a response to Defendant's Motion for Summary Judgment on October 15, 2012, a document that the court did not

receive. (*See* [Docket Sheet](.).) Though unclear, he appears to imply that the court did not receive his response because of some interference by prison staff. Plaintiff did not set forth why the court's consideration of his response would have made any difference in the outcome of the case. Moreover, Plaintiff's motion is wholly unsupported by any facts. For these reasons, the court finds that Plaintiff has not set forth any "exceptional circumstances" that prevented him from fully litigating his claims or receiving adequate redress. Accordingly, Plaintiff's March 28, 2013, letter, which the court liberally construes as a motion for relief from judgment, will be denied without prejudice to reassertion. Per Plaintiff's request in the letter, the court will direct the clerk's office to mail to Plaintiff a civil notice of appeal form and the affidavit accompanying a motion for permission to appeal in forma pauperis.

IT IS THEREFORE ORDERED that:

1. Plaintiff's letter, which the court liberally construes as a motion for relief from judgment, is denied without prejudice to reassertion (Filing No. [34](.)); and

2. The clerk's office is directed to send to Plaintiff a civil notice of appeal form and the affidavit accompanying a motion for permission to appeal in forma pauperis.

DATED this 15th day of May, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.